Curia, per Harper, Ch.
There can be no doubt with respect to the ground of appeal in the first stated case. Nothing can be plainer or more explicit, than the limitation to survivors, in the event of the death without issue, of either of the testator’s children, at whatever time of life the death may happen, without any thing to restrain it. The case of Vidal vs. Verdier, Speers Eq. 402, which it relied upon to govern the present case, has no application to it whatever. That case was de *269 cided on this principle — that when a testator, giving in remainder after an estate for life, uses one set of expressions denoting that the remainder-man is to take an absolute estate — and another set of expressions limiting him to an estate for life, with remainder to his issue, and a limitation over in the event of not having issue ; this apparent repugnancy may be reconciled by • restricting the dying without issue, to the life time of the tenant for life, thus permitting every part of the will to have its proper effect. If he dies during the life time of the tenant for life, leaving issue, the issue will take as purchasers under the will — if without issue, the limitation over will have effect; but if he survives the tenant for life, the estate is absolute. Such is, in every case, a reasonable and probable intention; and in that case, there were circumstances to satisfy me very fully that such was the actual intention.
But this has nothing to do with the case before us — though in another and peculiar sense, different from that in which the words are used in Vidal vs. Verdier, the devisee, in one event, is said to be restricted by the terms of the will to a life estate. It enters into the very definition of an executory devise, that a fee simple or absolute estate may be given, with a provision that it shall determine and go over on a future contingency — most commonly, the contingency of dying without leaving issue; and this is what is very clear in the present instance. The testator devises to his children, “ their heirs, executors, administrators or assigns forever.” He gives an absolute estate, and an absolute estate only — though, to be sure, it may be said, that in one event it turns out to be no more than a life estate. In a sense still somewhat different, every man may be said to have only a life estate in any of his property. In the present case, if the de-visee had left issue, his estate would have been absolute, so that he might dispose of it at his pleasure, to his issue or any one else. In Vidal vs. Verdier, on any other construction than that which was adopted, he could have had an absolute estate in no event whatever.
The case of Dehay vs. Porcher stands upon a different footing. If there were nothing more than a devise to the daughters and their issue, this would give a fee simple conditional; and having performed the condition by having issue, they might alienate in fee simple. In the case of Henry & Talbird vs. Archer, Bail. Eq. 535, however, we have determined that if there be a devise to one and his issue, with a limitation over, in *270 the event of his not leaving issue living at the time of his death, the issue take as purchasers in remainder, and the parent is restricted to a life estate. Such is supposed to be the present case.
The decision in Henry & Talbird vs. Archer was made upon this reasoning — that as, in the limitation over, the testator, by the word issue, must, of necessity, mean persons living at that time, to answer the description of issue, that is, children or other descendants ; so, he must be taken to have used the word in the same sense in his direct devise to issue — to A, and the persons who shall, at his death, answer the description of issue; and not to A and the heirs of his body in indefinite lineal succession. According to this reasoning, the word issue, in its double application in this case, must be understood in the same sense.
I think the limitation over, on the event of dying without leaving issue, must mean dying in the life time of the tenant for life. This is plain, from the words “ as subject to division between them.” The testator gives the land to his wife for life, and at her death to be equally divided between his daughters ; but in case of the death of either of his daughters without issue living, the whole property, as subject to division between them, to go to the survivor. This, of course, can relate to no period beyond the mother’s death, when the property, being divided as directed, could no longer remain subject to division. If the contingency means, if she shall die without issue, during the life time of her mother, the property to go over; then, to give an equivalent effect to the word issue, as first used, it must mean, if she shall die in the life time of her mother, to go to her issue then living. Such being the meaning of the word, not of limitation to fix the quality of the estate, but of purchase, on a particular contingency being determined, it amounts to no more than a simple unqualified devise of land without words of inheritance or perpetuity. This, by our law, gives a fee simple ; and this is strengthened by the circumstance, that in giving the whole estate to the survivor, the testator gives an express fee simple. This may not be material, however. If I have given a proper effect to the limitation over, then, although the daughters took no more than a fee simple conditional, they are still able to make a good title. This decree is also affirmed.
The whole court concurred.